# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CARRIERS OF AMERICA, INC.; CARRIERS INCORPORATED; JESUS GARCIA; JAMES HEMRICK as Special Administrator for the Estate of JAKE HEMRICK, Deceased; PAMELA MICHELLE CROWE, as Personal representative of the Estate of MICHELLE MARIE CROWE; JAMIE DePOY; BILLY SCOTT III; JODA DUNCAN; NORTH WINDS TRANSPORTATION INC.; HARTFORD INSURANCE COMPANY OF THE MIDWEST a/s/o GLOBAL IMAGING SYSTEMS, INC.,<br><br>Defendants. | CASE NO:<br><br>JURY DEMANDED |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

COMES NOW Plaintiff United States Fire Insurance Company ("U.S. Fire"), by and through its counsel, Kennedys CMK LLP, and for its complaint for interpleader and declaratory relief, states as follows:

### JURISDICTION AND VENUE

1. This is a statutory interpleader action brought under 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22, and invoking the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. U.S. Fire is an insurance company incorporated in the state of Delaware with its principal place of business in New Jersey.

1

3. None of the defendants to this interpleader complaint is a citizen of either Delaware or New Jersey.

4. There are two or more adverse claimants, of diverse citizenship, claiming entitlement to the interpleaded fund.

5. The amount in controversy in this interpleader exceeds the amount of seventy-five thousand dollars, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1397, venue is proper in this district and division in that a number of the defendant claimants, including but not limited to U.S. Fire's insured, National Carriers of America, Inc., are residents of this district.

## FACTUAL BACKGROUND

7. This action arises out of a motor vehicle accident that occurred on or about September 20, 2017 at approximately 1:13 p.m. on Interstate 57 through a construction zone near mile marker 321 near the Village of Manteno, Illinois ("the Accident").

8. At the time of the Accident, Defendant National Carriers of America, Inc. ("National Carriers") was insured under Policy No. 5068892565, effective June 5, 2107 to June 5, 2018, which was issued by U.S. Fire (the "Policy"). The Policy is attached hereto as Exhibit A.

9. Upon information and belief, Defendant Jesus Garcia ("Garcia") was an employee of National Carriers and/or of Defendant Carriers Incorporated ("Carriers Inc.") at the time of the Accident.

10. At the time of the Accident, Garcia was driving a 2010 Freightliner truck and attached trailer (the "semi-truck") and was proceeding southbound on Interstate 57.

11. Upon information and belief, Defendant North Winds Transportation Inc. ("North Winds") contracted with National Carriers to carry the load that Garcia was transporting at the time of the Accident.

12. At the time of the Accident, Defendant Jamie DePoy was operating a 2017 Toyota Camry which was also proceeding southbound on Interstate 57.

13. Defendants Jake Hemrick and Michelle Marie Crowe were passengers in the 2017 Toyota Camry being operated by Defendant Jamie DePoy.

14. At the time of the Accident, Defendant Joda Duncan was operating a third vehicle which was also proceeding southbound on Interstate 57 through a construction zone near mile marker 321 near the Village of Manteno, Illinois.

15. The Accident occurred when Defendant Jesus Garcia's semi-truck collided with the 2017 Toyota Camry, which subsequently collided with the vehicle being operated by Defendant Joda Duncan.

16. Upon information and belief, Defendants Jake Hemrick and Michelle Crowe died as a result of their injuries sustained in the Accident.

17. Upon information and belief, Defendants Jamie DePoy and Joda Duncan sustained personal injuries as a result of the Accident.

## THE UNDERLYING LAWSUITS

18. On or about April 26, 2018, Defendant James Hemrick, as Special Administrator for the Estate of Jake Hemrick, Deceased, filed a first amended complaint against Garcia, National Carriers, and Carriers Inc. (the "Hemrick Lawsuit"), alleging causes of action sounding in negligence, wrongful death, vicarious liability, and joint venture liability.

19. On or about May 22, 2018, Defendant Joda Duncan filed a complaint against National Carriers and Garcia (the "Duncan Lawsuit"), alleging causes of action sounding in negligence and vicarious liability.

20. On or about August 8, 2018, Defendants Jamie DePoy and Billy Scott III filed an amended complaint against Garcia, National Carriers, and Carriers Inc. (the "DePoy

Lawsuit"), alleging causes of action sounding in negligence, vicarious liability and loss of consortium.

21. On or about August 28, 2018, Defendant Pamela Michelle Crowe, as Personal Representative of the Estate of Michelle Marie Crowe, filed an amended complaint against Garcia, National Carriers, and Carriers Inc. (the "Crowe Lawsuit"), causes of action sounding in negligence, wrongful death, vicarious liability and joint venture liability.

22. The Hemrick, Duncan, DePoy and Crowe Lawsuits (together, the "Underlying Lawsuits") have been consolidated and are pending in the Circuit Court of Cook County, Illinois.

23. Defendant Hartford Insurance Company of the Midwest, as subrogee of Global Imaging Systems ("Hartford"), has moved to intervene the Hemrick, DePoy and Crowe Lawsuits, seeking to recoup amounts paid in workers compensation benefits.

## THE PARTIES

24. U.S. Fire is an insurance company incorporated in the state of Delaware with its principal place of business in New Jersey, and is authorized to do business in the state of Indiana.

25. Defendant James Hemrick, as Special Administrator for the Estate of Jake Hemrick, Deceased, is a citizen of and domiciled in the state of Florida.

26. Defendant James Hemrick, as Special Administrator for the Estate of Jake Hemrick, Deceased may have claims against the interpleaded funds for the death of Jake Hemrick.

27. Defendant Joda Duncan is a citizen of and domiciled in the state of Louisiana.

28. Defendant Joda Duncan may have claims against the interpleaded funds for personal injuries incurred in the Accident.

4

29. Defendants Jamie DePoy and Billy Scott III are citizens of and domiciled in the state of Florida.

30. Defendants Jamie DePoy and Billy Scott III may have claims against the interpleaded funds for personal injuries incurred and/or arising out of in the Accident.

31. Defendant Pamela Michelle Crowe, as Personal Representative of the Estate of Michelle Marie Crowe, is a resident of and domiciled in the state of Florida.

32. Defendant Pamela Michelle Crowe, as Personal Representative of the Estate of Michelle Marie Crowe, may have claims against the interpleaded funds for personal injuries incurred in the Accident for the death of Michelle Marie Crowe.

33. Defendant North Winds is a citizen of and domiciled in the state of Illinois.

34. Defendant North Winds may have claims against the interpleaded funds by virtue of its contractual relationship with National Carriers to carry the load that Garcia was transporting at the time of the Accident.

35. Defendant Hartford is a citizen of and domiciled in the state of Indiana.

36. Defendant Hartford may have claims against the interpleaded funds as it has moved to intervene in the Hemrick, DePoy, and Crowe lawsuits in effort to recover for amounts expended in workers' compensation for injuries arising from the Accident.

37. Defendant National Carriers is a citizen of and domiciled in the state of Indiana.

38. Defendant Jesus Garcia is a citizen of and domiciled in the state of Illinois.

39. Defendant Carriers Inc is a citizen of and domiciled in the state of Illinois.

## GENERAL ALLEGATIONS

40. The aforementioned Policy issued by U.S. Fire to National Carriers has an applicable limit of liability of One Million Dollars ($1,000,000.00). The Policy thus creates a fund of One Million Dollars ($1,000,000.00) for all claims arising out of the Accident.

41. The Policy generally provides, subject to its terms, conditions, exclusions and endorsements, that U.S. Fire will pay all sums that an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which the Policy's insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto"; but that the most U.S. Fire would pay for the total of all damages resulting from any one "accident" is the applicable limit of liability shown in the declarations.

42. The Policy further provides that U.S. Fire's "right and duty to defend ends when [U.S. Fire has] used up the applicable limit of insurance in the payment of judgments or settlements…."

43. All of the defendants have or may have claims against the interpleaded fund, which will subject U.S. Fire and its insureds to multiple and possibly conflicting claims, as well as to multiple and possibly conflicting outcomes of the lawsuits currently pending in connection with the Accident.

44. In light of the number and extent of claims, the uncertainty as to the person or persons to whom the fund should be paid, and the amounts in which claims should be paid, U.S. Fire has been unable to settle any of the claims asserted by the Defendants in connection with the Accident.

45. As a result of the multiple and conflicting claims contained herein, U.S. Fire is in doubt and cannot safely and accurately determine as between the claims without great hazard to itself.

46. U.S. Fire does not know which of the defendants, if any, it may safely pay claims under the above policy, since the demands that have been made by defendants herein indicate that the limits of liability under the Policy will not suffice to settle existing claims.

47. U.S. Fire recognizes that the circumstances of the Accident that is the subject of the Underlying Lawsuits are such that a jury might determine that legal liability exists on the part of National Carriers, Jesus Garcia, and/or Carriers Inc.

48. Unless the defendants herein are restrained or enjoined from prosecuting suits against U.S. Fire, either directly or indirectly, and from any effort to collect from U.S. Fire any judgments rendered in any such suits, U.S. Fire will be subjected to multiple or vexatious claims, inconsistent judgments, and will be prejudiced; further, U.S. Fire will be subjected to numerous suits, the outcomes of which will not be properly determinative of the manner in which the limited fund of U.S. Fire should be apportioned among the claimants.

49. U.S. Fire has paid into the registry of the Court, with leave of the Court, the sum of One Million Dollars ($1,000,000.00) the maximum amount due under the terms and provisions of the Policy for the Accident.

**WHEREFORE**, U.S. Fire respectfully asks this Court to enter an order providing that:

1. Each of the defendants herein may be ordered and commanded to interplead and settle among themselves their rights and claims to the sum of One Million Dollars ($1,000,000.00), which will be paid by U.S. Fire into the registry of this Court;

2. Each of the defendants and their agents, attorneys, representatives, assigns, and all other persons claiming by, through or under them or any of them, be perpetually enjoined and restrained from instituting or prosecuting further any proceeding in this cause or any other court of law or in equity against U.S. Fire on account of the Policy or the Accident;

3. That U.S. Fire may be fully and finally discharged from all further liability under the Policy, including the duty to defend any action that has been or may be brought

against any of its insureds, additional insureds, or alleged insureds, including National Carriers, Jesus Garcia, and/or Carriers Inc., as a result of the Accident; and

    4.    U.S. Fire be awarded all further just and proper relief.

Respectfully submitted:

___*/s/ James J. Hickey*_____

James Hickey  (6198334)
Kennedys CMK LLP
100 North Riverside Plaza – Suite 2100
Chicago, Illinois 60606
Phone: 312-800-5000
Fax: 312-800-5010
james.hickey@kennedyscmk.com

*Attorney for Interpleader*
*United States Fire Insurance Company*