# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:18-cv-00340-WCL-SLC<br>) |
| NATIONAL CARRIERS OF AMERICA, INC., *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

## OPINION AND ORDER

Plaintiff United States Fire Insurance Company filed this case in this Court on October 22, 2018, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DE 1). In the complaint, Plaintiff alleges that it is a citizen of both Delaware and New Jersey because it is incorporated in the Delaware and has its principal place of business in New Jersey. (DE 1 ¶¶ 2, 3). As to Defendants, Plaintiff simply alleges that "[n]one of the defendants . . . is a citizen of either Delaware or New Jersey." (DE 1 ¶ 3).

But a "naked declaration that there is diversity of citizenship is never sufficient." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Plaintiff must inform the Court of the citizenship of each Defendant, and affirmatively trace the citizenship of any Defendant who is not a corporation or an individual through all applicable layers of ownership.[1] *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[I]n the case of a firm that is not a corporation, its citizenship is the citizen of its owners, partners, or other

---

[1] "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)).

principals.").

As to individual Defendants, an individual's citizenship is determined by his or her domicile. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." (citations omitted)). Therefore, the Court must be informed of the domicile of any individual Defendant.

And with respect to estate Defendants, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); *see Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008) (noting that the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent); *see also Hunter v. Amin*, 583 F.3d 486, 491-92 (7th Cir. 2009). Therefore, Plaintiff must recite the domicile of any decedent at the time of death, and in turn, the citizenship of the estate.

It is important to remember that as the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, Plaintiff is afforded to and including November 6, 2018, to file an amended complaint that adequately informs the Court of the citizenship of all the parties.

SO ORDERED.

Entered this 23rd day of October 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge